UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-200-GWU

BILLY L. SMITH,                                                                                           PLAINTIFF,

VS.                         **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                           DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Smith

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

Smith

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

Smith

>whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

Smith

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency

may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Billy L. Smith, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of a history of biceps tendon rupture (status post tenodesis surgery), degenerative disc disease with mild disc space narrowing at L4-5 and facet arthropathy at L4-5, a history of remote cervical disc herniation with moderate spondylosis at C5-6 and C6-7, a remote history of bilateral mastoiditis (status post bilateral typanoplasty), and a history of moderate aortic insufficiency and mild mitral regurgitation.  (Tr. 25).  Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. Smith retained the residual functional capacity to perform his past relevant work as a coal miner and, therefore, was not entitled benefits.  (Tr. 27-9).  The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if he were

Smith

capable of "medium" level exertion, and suffered from a moderate loss of concentration due to episodic moderate pain and loss of sleep. (Tr. 64-5). The VE responded that some of the plaintiff's past work in coal mining had been performed at the medium level, and he would be able to return to those jobs, although he would not be able to return to those that had been performed at the heavy level.

On appeal, this Court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence. The Court concludes that they were not.

The ALJ rejected the opinions of two examining physicians, Dr. Sharon Fogelman and Dr. James Templin, in favor of restrictions given by a state agency reviewer, Dr. John Rawlings, who gave his opinion in October, 2003 (Tr. 183-90), approximately two years before the date of the administrative decision.

Dr. Fogelman examined the plaintiff in April and May, 2005, and reviewed x-rays of the cervical and lumbosacral spine before giving a detailed residual functional capacity assessment. (Tr. 288-91). Her assessment limited Mr. Smith to "light" level exertion, sitting approximately three hours in an eight-hour day, standing and walking approximately three hours, and added additional restrictions such as a need to lie down every hour, never twist, stoop, or crouch, occasionally climbing stairs and ladders, having limitations on his ability to reach, finger, push, pull, feel and handle, a need to avoid all exposure to extreme heat, avoid moderate exposure to extreme

Smith

cold, and avoid concentrated exposure to high humidity, fumes, odors, dust, gases, perfumes, solvents, and cleaners. (Tr. 284-5). She provided a detailed rationale for her restrictions. (Tr. 286). Some of the restrictions were based on the plaintiff's subjective complaints but, in addition to the x-rays, Dr. Fogelman found a restricted range of motion of the lumbar spine and reduced right shoulder and arm strength with a previous surgical wound noted. (Id.).

Dr. Templin examined Mr. Smith in May, 2005, and reviewed extensive previous medical records, including those from Dr. Fogelman and from Mr. Smith's treating orthopedic surgeon, Dr. Ronald Belhasen. (Tr. 329). His examination showed cervical spine tenderness with a decreased range of motion and a surgical scar on the right shoulder, a decreased range of motion of the right shoulder and decreased sensation to pinprick in the little and fourth fingers of the left hand, lumbosacral spine tenderness with somewhat reduced range of motion, and positive straight leg raising. (Tr. 332). As the ALJ noted, Dr. Templin did not list any specific restrictions regarding lifting, standing, or sitting, but he did place limitations on extensive or repetitive use of the arms for pushing, pulling, lifting, twisting, turning, grasping, holding, carrying, or activities above shoulder level, and prohibited frequent or repetitive bending, stooping, squatting, kneeling, crouching, crawling, lifting, carrying, climbing, or riding in or on vibratory vehicles for any extended distance or time. (Tr. 333, 340).

Smith

The ALJ rejected the opinions of Fogelman and Templin because they were not treating sources and because he felt that the objective evidence was largely minimal or unremarkable. (Tr. 27). He also noted that the plaintiff had ruptured his biceps tendon while changing a tire in December, 2004. (Id.).

While the opinion of a non-examining physician may be accepted over that of an examiner, the non-examiner must have had access to the entire record and clearly state the reasons for his difference of opinion. <u>Barker v. Shalala</u>, 40 F.3d 789, 794 (6th Cir. 1994). The opinions of the examining sources, including Dr. Fogelman's lifting restriction, may not have been binding in their entirety, particularly in view of the plaintiff's testimony that he could lift up to 40 pounds. (Tr. 53). In addition, restrictions on pulmonary irritants may not be warranted in view of the plaintiff's testimony that he continued to smoke. (Tr. 54). However, his testimony was consistent with Dr. Fogelman's <u>other</u> restrictions. At a minimum, the testimony of a medical adviser should be obtained in order to overcome the opinion of the examining sources.

The plaintiff has also submitted additional evidence to the Appeals Council, which includes additional records from Dr. Fogelman, who appears to have become a treating source, and a consultative orthopedic examination by Dr. Gary Bray which imposes exertional and non-exertional limitations greater than found by the ALJ. (Tr.

Smith

16-19, 341-5).  The additional evidence can be considered along with other new evidence on remand.

The decision will be remanded for further consideration.

This the 21st day of February, 2007.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**

11